## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| Nina Quinn-Davis and Kimberly Stone-Washington, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Webcollex, LLC d/b/a CKS Financial,<br><br>Defendant. | Civil Action No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

### Nature of Action

1.      Nina Quinn-Davis and Kimberly Stone-Washington ("Plaintiffs") bring this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Florida consumers whose private, debt-related information Webcollex, LLC d/b/a CKS Financial ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5.      The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6.      The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b— none of which are applicable here.

7.      Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

---

[1]      *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 8, 2021).

8.      Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9.      These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is allegedly owed, the name of an original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10.     This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11.     Upon information and belief, Defendant routinely provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12.     Plaintiffs therefore seek relief for themselves and on behalf of similarly situated Florida consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

13.     Ms. Quinn-Davis is a natural person who at all relevant times resided in Miami-Dade County, Florida.

14.     Ms. Stone-Washington is a natural person who at all relevant times resided in Hillsborough County, Florida.

---

[2]     *See*   https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749.

15.   Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

16.   Ms. Quinn-Davis's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, credit card debt (the "Quinn-Davis Debt").

17.   Ms. Stone-Washington's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a payday loan (the "Stone-Washington Debt").

18.   These debts are collectively defined as "the Debts."

19.   Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

20.   Defendant is a Limited Liability Company with its principal office located in Chesapeake, Virginia.

21.   Defendant's website includes the following notice: "Any communication with CKS Financial is to be considered an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose."[3]

22.   Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

---

[3]    *See* https://www.cksfin.com/Contact (last visited June 8, 2021).

23.     Upon information and belief, at the time Defendant attempted to collect the Debts from Plaintiffs, the Debts were in default, or Defendant treated the Debts as if they were in default from the time that Defendant acquired it for collection.

24.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25.     Defendant identified itself as a debt collector in correspondence to Plaintiffs.

26.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

27.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

28.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district.

**Factual Allegations**

29.     On or about June 15, 2020, Defendant caused a written communication to be sent to Ms. Stone-Washington in connection with the collection of the Stone-Washington Debt.

30.     A true and correct copy of the June 15, 2020 communication to Ms. Stone-Washington is attached, in redacted form, as Exhibit A.

31.     The June 15, 2020 letter disclosed the balance of the Stone-Washington Debt. Ex. A.

32.     The June 15, 2020 letter identified the creditors to whom Defendant alleged the Stone-Washington Debt is and was owed. *Id*.

33.    The June 15, 2020 letter identified additional information regarding the Stone-Washington Debt, including the account and reference numbers, as well as Ms. Stone-Washington's home address. *Id*.

34.    Defendant did not print the June 15, 2020 letter.

35.    Rather, Defendant, in connection with the collection of a consumer debt, provided information regarding Ms. Stone-Washington and the her debt, including Ms. Stone-Washington's name, address, the amount of her debt, and other private details regarding the Stone-Washington Debt, to a third-party mail vendor.

36.    The third-party mail vendor then printed the June 15, 2020 communication and sent it to Ms. Stone-Washington.

37.    The return address on the June 15, 2020 communication does not match Defendant's address.

38.    On or about April 6, 2021, Defendant caused a written communication to be sent to Ms. Quinn-Davis in connection with the collection of the Quinn-Davis Debt.

39.    A true and correct copy of the April 6, 2021 communication to Ms. Quinn-Davis is attached, in redacted form, as Exhibit B.

40.    The April 6, 2021 letter disclosed the balance of the Quinn-Davis Debt. Ex. B.

41.    The April 6, 2021 letter identified the creditors to whom Defendant alleged the Quinn-Davis Debt is and was owed. *Id*.

42.    The April 6, 2021 letter identified additional information regarding the Quinn-Davis Debt, including the account and reference numbers, as well as Ms. Quinn-Davis's home address. *Id*.

43.    Defendant did not print the April 6, 2021 letter.

44.     Rather, Defendant, in connection with the collection of a consumer debt, provided information regarding Ms. Quinn-Davis and her debt, including Ms. Quinn-Davis's name, address, the amount of her debt, and other private details regarding the Quinn-Davis Debt, to a third-party mail vendor.

45.     The third-party mail vendor then printed the April 6, 2021 communication and sent it to Ms. Quinn-Davis.

46.     The return address on the June 15, 2020 and April 6, 2021 communications do not match Defendant's address.

47.     The return address on the June 15, 2020 and April 6, 2021 communications include a P.O. Box in Southgate, Michigan.

48.     The P.O. Box found on the June 15, 2020 and April 6, 2021 communications is associated with Renkim Corp. ("Renkim"), a third-party mail vendor.

49.     Renkim maintains its corporate office in Southgate, Michigan and offers comprehensive print and mail services.[4]

50.     Renkim touts that it "has provided compliant, cost-effective print and electronic document delivery services for over 30 years in the ARM Industry," and that it "will provide each partner the flexibility to create custom designed communications that are tailored to their needs, increase profitability and decrease risk."[5]

---

[4]     https://www.renkim.com/contact/ (last visited June 8, 2021).

[5]     https://www.renkim.com/industries-served/receivables-management/ (last visited June 8, 2021).

51.     Renkim also advertises its membership with The Association of Credit and Collection Professionals (also known as ACA International).[6]

52.     Plaintiffs did not provide Defendant prior express consent to communicate, in connection with the collection of the Debts, with Renkim or any other third-party mail vendor.

53.     Plaintiffs did not provide consent to Defendant to share any information about the Debts with Renkim, or any other third-party mail vendor.

54.     A third-party mail vendor printed the June 15, 2020 and April 6, 2021 communications sent to Plaintiffs.

55.     A third-party mail vendor mailed the June 15, 2020 and April 6, 2021 communications to Plaintiffs.

56.     Renkim mailed the June 15, 2020 and April 6, 2021 communications to Plaintiffs.

57.     Defendant has a contractual agreement with Renkim.

58.     Renkim provides letter vendor services for Defendant.

59.     Renkim provided letter vendor services for Defendant in relation to Plaintiffs' Debts.

### Class Action Allegations

60.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to which Webcollex, LLC d/b/a CKS Financial sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

---

[6]     *Id.*

61.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

62.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

63.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

64.     The class is ascertainable because it is defined by reference to objective criteria.

65.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

66.     The class satisfies Rules 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the class.

67.     To be sure, Plaintiffs' claims and those of the members of the class originate from the same practice utilized by Defendant—the sending of personal, private information regarding alleged debts to a third-party mail vendor—and Plaintiffs thus possess the same interests and has suffered the same injuries as each member of the class.

68.     Plaintiffs satisfy Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

69.     Plaintiffs have no interests that are contrary to or in conflict with the members of the class that they seek to represent.

70.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

71.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

72.     There will be no unusual difficulty in the management of this action as a class action.

73.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

74.     Among the issues of law and fact common to the class:

   a.   Defendant's violations of the FDCPA as Plaintiffs allege;

   b.   whether Defendant is a debt collector as defined by the FDCPA;

   c.   whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

   d.   the availability of declaratory relief;

   e.   the availability of actual damages and statutory penalties; and

   f.   the availability of attorneys' fees and costs.

75.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

76.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 75 above.

77.     Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

78.     By communicating regarding the Debts, including by disclosing, among other things, the existence of the Debts, the amount owed, Plaintiffs' home addresses, and the alleged creditors, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir., 2021).

79.     The harm Plaintiffs suffered is particularized in that the violative initial debt collection letter at issue was sent to them personally and regarded the Debts.

80.     And the violation of Plaintiffs' right not to have their private information shared with third parties is a concrete injury sufficient to confer standing.

81.     To be sure, the harm Plaintiffs allege here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

82.     Additionally, by communicating with a third party in connection with the collection of the Debts, Defendant harmed Plaintiffs by invading their privacy.

83.     That is, by communicating with a third party in connection with the collection of the Debts, Defendant harmed Plaintiffs by disclosing private facts about their debts.

WHEREFORE, Plaintiffs respectfully requests relief and judgment as follows:

A.   Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.   Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C.   Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.   Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiffs and the class;

F.   Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.   Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Awarding other and further relief as the Court may deem just and proper.

**Jury Demand**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all triable issues.

Dated:  June 11, 2021

Respectfully submitted,

*/s/ Alexander D. Kruzyk*
Alexander D. Kruzyk
Florida Bar No. 112052
GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, TX  78701
Tel: (512)-803-1578
akruzyk@gdrlawfirm.com

James L. Davidson
Florida Bar No. 723371
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Matisyahu H Abarbanel
Florida Bar No. 130435
Matthew Bavaro
Florida Bar No. 175821
Loan Lawyers
3201 Griffin Road, Suite 100
Ft. Lauderdale, FL 33312
Tel: (954) 523-4357
Matis@Fight13.com
Matthew@Fight13.com

*Counsel for Plaintiffs and the proposed class*